**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**PATRICK M. MILTON,**
    Plaintiff,

vs.                                                            Case No. 3:08cv286/LC/MD

**W. JOEL BOLES, et al.,**
    Defendants.

---

**REPORT AND RECOMMENDATION**

    This cause is before the court upon referral from the Clerk. Plaintiff, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, has filed an amended complaint entitled "Tort Claim: False Imprisonment." (Doc. 18). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

**BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff initiated this action on July 2, 2008 by filing a complaint entitled "Tort Claim: False Imprisonment." (Doc. 1). The complaint was not on the court form, and was practically unintelligible. From what the court could discern, plaintiff appeared to be claiming that he was being falsely imprisoned on account of particular state actors' (Escambia County Circuit Court Judge W. Joel Boles and Escambia County Clerk of Court Ernie Lee Magaha) processing and disposition of documents plaintiff filed after entry of his judgment of conviction and sentence in the Circuit Court of Escambia County, Florida. Plaintiff sought to hold Judge Boles and Clerk Magaha liable for their "tortious" and "malicious" actions with regard to his documents.

Plaintiff sought to hold Florida Department of Corrections' Secretary Walter McNeil liable because he failed to investigate plaintiff's claim of false imprisonment. As relief, plaintiff sought monetary damages. Because it appeared that plaintiff was attempting to assert a civil rights claim under 42 U.S.C. § 1983, the court issued an order directing plaintiff to file an amended complaint on the § 1983 form. (Doc. 4).

Plaintiff did not submit an amended complaint. Accordingly, on September 2, 2008 the court issued an order directing plaintiff to show cause why his case should not be dismissed for failure to comply with an order of the court. (Doc. 7).

In response, plaintiff filed a document entitled, "Motion: Relief from Order under Rule 60 F.R.C.P," explaining that the court had "misconstrued plaintiff's common-law tort claim as a civil rights complaint under 42 U.S.C. § 1983." (Doc. 9). Plaintiff asserted that "at no time has Plaintiff intended to file the substantially restrictive civil rights complaint under said 42 U.S.C. § 1983 nor does he intend to do so now or at any future time." (*Id.*, p. 2). Plaintiff requested that the court send him "the appropriate common law tort claim packet" and address all future correspondence to him as "Patrick M. Milton, a Corporation Sole." (*Id.*).

On September 9, 2008 the court issued an order denying plaintiff's motion. (Doc. 11). The court instructed plaintiff that a "common law tort claim packet" does not exist, and that regardless of the label plaintiff placed on this cause of action, his civil complaint for damages arising out of state officials' alleged false imprisonment of him in violation of his constitutional rights was properly construed as a civil rights complaint under 42 U.S.C. § 1983. Plaintiff was again directed to file his complaint on the civil rights complaint form for use by prisoners. (*Id.*).

Plaintiff responded, complaining that the court's September 9, 2008 order failed to address his request that he be addressed as a "Corporation Sole." (Doc. 14). Plaintiff further stated that his claim does not arise under § 1983 because he is not challenging prison conditions, and that the court "misconstrued his tort claim. Which was filed under the Federal Civil Tort Claim Act." (*Id.*, p. 3). Plaintiff

explained that he does not want to file his complaint under § 1983 because this court would improperly dismiss it under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). (*Id.*). He explained that he is not attacking the legality of his conviction or sentence. (*Id.*, p. 4). Rather, he is claiming that "procedures used in detaining him are 'unreasonable' and therefore defendants are tort feasors."

On September 30, 2008 the court issued an order advising plaintiff that if he was not asserting a claim for false imprisonment under 42 U.S.C. § 1983, then he must, at a minimum, state the basis for this court's jurisdiction. The court noted that plaintiff's original complaint failed to state a jurisdictional basis, the only reference to jurisdiction being plaintiff's statement that he was seeking damages "within the jurisdictional limits of this court." (Doc. 1, p. 1). The court warned plaintiff that this was insufficient to support diversity jurisdiction because the allegations of the complaint demonstrated that the parties were not diverse. (*Id.*, pp. 1-2). Plaintiff was advised that if he was asserting a federal law claim under the Federal Tort Claims Act, he must say so in an amended complaint. (Doc. 15). The instant amended complaint followed. (Doc. 18).

## DISCUSSION

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those

facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff's amended complaint describes this action as one "for damages . . . filed under the provisions of the FEDERAL TORT CLAIM ACT; and THE ALIEN TORT CLAIM ACT."  (Doc. 18, p. 1).  Named as defendants are W. Joel Boles, Judge of the Circuit Court of Escambia County, Florida; Ernie Lee Magaha, Clerk of Court of the Escambia County Circuit Court; and Walter A. McNeil, Secretary of the Florida Department of Corrections.  (*Id.*, p. 2).  Plaintiff alleges that on April 26, 2007 Judge Boles committed him to the custody of the Florida Department of Corrections for a term of 6 years imprisonment followed by 15 years probation.  (*Id.*, pp. 2-3).  On August 13, 2007, plaintiff filed a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure.  Thereafter, plaintiff filed various documents in state court, which the court need not enumerate.  Suffice it to say that the basis of plaintiff's claim against Judge Boles is that he committed plaintiff to DOC custody and denied or struck plaintiff's various filings even though Judge Boles allegedly lacked jurisdiction over plaintiff.  (*Id.*, pp. 2, 4-6).

With regard to Clerk Magaha, plaintiff complains that after he filed a "civil" document entitled "Revocation of Signature/Power of Attorney," Mr. Magaha failed to record it and instead filed the document in plaintiff's criminal case and forwarded

it to Judge Boles.  After plaintiff complained, Magaha failed to correct the "error" and further failed to respond to various other documents plaintiff filed, including a "Conditional Acceptance For Value."  (*Id.*, pp. 3-4).  Plaintiff claims that Magaha's actions "prejudice Plaintiff in his personal and corporate identities;" that Magaha's failure to respond to plaintiff's filings resulted in Magaha "'accepting for value,' Plaintiff's allegations as factual;" and that Magaha is therefore liable "under contractual obligation to Plaintiff for pecuniary damages" in an amount left to plaintiff's discretion.  (*Id.*).

With regard to Secretary McNeil, plaintiff alleges that on June 19, 2008 he served notice on Secretary McNeil that he was being falsely imprisoned.  Plaintiff claims that Secretary McNeil's failure to investigate his claim renders him liable for plaintiff's alleged "false imprisonment."  (*Id.*, pp. 8-9).

As a result of the foregoing, plaintiff states he has been "greatly humiliated, and suffered mental, bodily, financial distress and loss of consortium, society, and was gravely injured in his personal and corporate character and reputation."  (*Id.*, p. 11).  As relief, plaintiff seeks "14,000,000.00 severally, $42,000,000.00 jointly" against the defendants.  (*Id.*).

The Federal Torts Claim Act ("FTCA") permits claims for certain negligent or wrongful actions committed by <u>federal</u> employees within the scope of their official duties.  28 U.S.C. § 1346(b)(1) (2007).  Plaintiff's allegations cannot support a claim under the FTCA because the defendants are state actors, not federal actors.  *See, e.g., Amesbury v. Kearney*, 154 Fed. Appx. 118, 119 (11th Cir. Sept. 30, 2005) (holding that camper's allegedly unlawful arrest and imprisonment by state conservation officer did not support claim under FTCA because the allegations involved behavior by a state, rather than a federal, actor).

The Alien Tort Claims Act ("ATCA") provides that "[t]he district court shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."  28 U.S.C. § 1350

(2007). To state a claim under the ATCA, a plaintiff must be: "(1) an alien, (2) suing for a tort, which was (3) committed in violation of international law." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005) (citing *Abebe-Jira v. Negewo*, 72 F.3d 844, 848 (11th Cir. 1996)). Plaintiff, who refers to himself as "Patrick M. Milton, as Arch-Bishop of Prosperity Fellowship International, a Corporation Sole," alleges that he "is a free-born American citizen of the United States of America in his personal capacity; and an international religious society in his corporate capacity. . . ." (Doc. 18, ¶ 1). Because plaintiff's allegations demonstrate that he is not an alien, he fails to state a claim under the Alien Tort Claims Act that is plausible on its face. *See, e.g., Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1232 n. 7 (11th Cir. 2004) (noting that plaintiff, an American citizen, could not bring a claim under the Alien Tort Claims Act); *Corrie v. Caterpillar, Inc.*, 403 F.Supp.2d 1019, 1026 (W.D. Wash. 2005) (holding that family of United States citizen who was killed in Gaza Strip could not bring a claim under the Alien Tort Claims Act because they were not aliens and, therefore, could not assert federal claims derived from international law). Moreover, plaintiff has not asserted a violation of international law.

Because plaintiff's allegations fail to state a claim for relief under the FTCA or the ATCA that is plausible on its face, these claims should be dismissed. Having dismissed all federal claims, the undersigned recommends that the court, in its discretion pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over any state law claims that may be construed from the complaint, including any state law tort claim of false imprisonment. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's federal claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE to his

**filing them in state court.**

> 3. That the clerk be directed to close this file.

At Pensacola, Florida this 3rd day of November, 2008.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**